PROBATE COURT OF COVENTRY *vs.* ROBERT P. SWEET, *et al.*

MAY 21, 1913.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Disallowance of Claims.   Newly Discovered Evidence.*

Where a claim against a decedent has been properly filed within the statutory period of six months and not disallowed within thirty days thereafter, the only basis then remaining for disallowance is newly discovered evidence, but evidence which is of no legal value and would be inadmissible in court is insufficient as a ground for such disallowance.

PROBATE APPEAL.   Heard on exceptions of defendant and overruled.

VINCENT, J.   This is an action of debt on an executor's bond.   The case was tried in the Superior Court before Mr. Justice Stearns, without a jury, and a decision was rendered for the plaintiff.   The trial judge found that the evidence failed to show any legal disallowance, by the executors, of the plaintiff's claim within the time fixed by statute; that the plaintiff had established his claim; and that there had been a breach of the bond which entitled the plaintiff to have the same chancerized.   To this decision the defendants duly excepted and upon such exceptions the case is now before us.

Jeremiah Sweet, deceased, at Coventry, in the county of Kent, September, 1906.   He left a last will and testament wherein he nominated Robert P. Sweet and Alonzo B. Sweet as executors thereof and directed that they be not required to give bond.   The will was duly probated on October 15, 1906, and the executors ordered to give a bond, with sureties, in the penal sum of ten thousand dollars to pay debts and legacies.   The executors duly qualified and gave notice of their appointment and qualification by advertisement in the "Pawtuxet Valley Gleaner," on the 9th, 16th, and 23rd of November, 1906.

On the 9th of May, 1907, which was the last day of the six months following the publication of the notice of the appointment and qualification of the executors, Frank G. Smith, the real plaintiff in this case, filed in the office of the probate court in Coventry the following claim against the estate of said Jeremiah Sweet: "Estate of Jeremiah Sweet, Alonzo Sweet and Robert Sweet, Executors. To Frank G. Smith, Dr. For care and board of horse for four and one-quarter months, $84. Interest on same to date for about five years, $28."

About the middle of November, 1907, the defendant executors first learned of the Smith claim which had been filed on the 9th of May previous. They made an immediate investigation thereof, filed a disallowance, and gave notice to the said Frank G. Sweet, by registered letter, in accordance with the provisions of the statute.

The statute in force in 1907, provided that within thirty days after the expiration of six months from the first publication by the executor or administrator of notice of his qualification, and at any time thereafter before payment, upon evidence discovered after said period, the executor or administrator shall file in the office of the clerk of the probate court a statement disallowing such of the claims filed as he intends to contest.

As the defendants contend, the claim in question is somewhat stale; has been allowed to run for years without any apparent effort to collect it from a debtor who was abundantly able to pay it; and it was filed on the last day of the six months. While some of these matters might properly be considered in connection with other testimony, in the trial of the case, we do not see that they would be pertinent to our present inquiry. So far as the time of filing the claim is concerned, it was just as proper to file it on the last day as it would have been on any other day during the six months following the publication of notice of qualification by the executors.

It is not disputed that the claim was filed within six months. At the expiration of that period, and within thirty days, it was the duty of the executors to ascertain whether or not any claims had been filed against the decedent's estate which required investigation or should be disallowed. The very purpose of the statute is to give executors and administrators ample opportunity to investigate and disallow claims without unduly delaying the settlement of the estate. There is nothing in the present case to excuse the executors for not seasonably informing themselves of the filing of the claim. Had they done so, the investigation of the same, as well as the disallowance thereof, could have been readily effected within the thirty days which the statute provides for that express purpose.

The statute authorizes the defendants to disallow a claim at any time after the expiration of thirty days and before payment upon newly discovered evidence. The claim having been filed within six months and not disallowed within thirty days thereafter, the only basis then remaining for a disallowance is newly discovered evidence. In the case at bar it does not appear that the statement of disallowance was filed upon the grounds of newly discovered evidence nor does such statement include in its terms anything to that effect. In fact, the defendants admit that the disallowance was filed upon the supposition, on their part, that the claim was filed after the expiration of six months and within one year from the first published notice by the executors of their qualification, and their disallowance was within the regular statutory period relating to claims of that class. Again, the evidence which the defendants claim to have discovered consists of some statement made to Alonzo B. Sweet by one Anna Shippee to the effect that Smith had no claim against the estate and that Jeremiah Sweet, in his lifetime, had told her that Smith was to use the horse for his keeping. This would not be competent testimony. It is nothing more than hearsay.

While it may not have been the intention of the legislature that executors and administrators should be burdened with the determination of what constitutes legal evidence, we cannot give favorable consideration to the contention of the defendants which is based solely on newly discovered evidence of no value and inadmissible in a court of law.

The defendant's exceptions are overruled, the decision of the Superior Court is affirmed and the case is remitted to said court for further proceedings.

*Peter C. Cannon,* for plaintiff.

*Samuel W. K. Allen,* for defendant.